UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMAR FLORIMON,<br> *Plaintiff*,<br><br> v.<br><br>ALLSTATE INSURANCE COMPANY,<br> *Defendant*. | No. 3:21-cv-01620 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

  Omar Florimon ("Plaintiff") has sued Allstate Insurance Company ("Allstate" or "Defendant") for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a) ("CUTPA"). *See* Ex. A to Notice of Removal, ECF No. 1-1 (Dec. 6, 2021) ("Compl."); *see also* Am. Compl., ECF No. 25 (Feb. 22, 2022) ("Am. Compl.") (Proposed Amended Complaint). In his Complaint, Mr. Florimon alleges that Allstate wrongfully denied him coverage under a homeowners' insurance policy after damage to his house by heavy winds and rain. *See* Compl. ¶¶ 5, 10; *see also* Am. Compl. ¶¶ 5, 10.

  On January 18, 2022, Allstate moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. *See* Def. Allstate Insurance Company's Mot. to Dismiss Pl.'s Compl., ECF No. 13 (Jan. 18, 2022); Def. Allstate Insurance Company's Mem. of Law in Supp. of its Mot. to Dismiss Pl.'s Compl., ECF No. 13-1 (Jan. 18, 2022) ("Mot. to Dismiss").

  Mr. Florimon has opposed the motion to dismiss. Obj. to Def. Allstate Insurance Company's Mot. to Dismiss Pl.'s Compl., ECF No. 18 (Feb. 8, 2022) ("First Opp'n"); Obj. to Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 23 (Feb. 22, 2022) ("Second Opp'n"). Mr. Florimon also has moved for leave to amend his Complaint. *See* Pl.'s Mot. for Leave to Amend

1

the Pleadings, ECF No. 20 (Feb. 8, 2022) ("First Mot. to Amend"); Pl.'s Mot. for Leave to Amend the Pleadings, ECF No. 24 (Feb. 22, 2022) ("Second Mot. to Amend").

For the reasons explained below, the motion to dismiss is **GRANTED**, and the motions for leave to amend are **DENIED**.

To the extent that Mr. Florimon can plead a viable CUTPA claim, despite the deficiencies noted below, this denial is without prejudice to seeking leave to file another amended pleading by **September 9, 2022**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background

Mr. Florimon lives in Norwich, Connecticut. *See* Compl. ¶ 1. At all relevant times, he allegedly maintained homeowners' insurance coverage through Allstate for his home at 57 Old Canterbury Turnpike (the "Allstate Policy"), and fulfilled all conditions, terms, and requirements of the policy as required for its full effect. *Id.* ¶¶ 1, 4, 6.

On or about October 31, 2019,[1] Mr. Florimon's home allegedly suffered interior and exterior damage after a storm. Compl. ¶ 5. On November 1, 2019, Mr. Florimon allegedly notified Allstate about the alleged damage. *Id.* ¶ 7. Following an inspection, Allstate's internal property adjuster allegedly estimated that the damage to the house exceeded $90,000.00. *Id.* ¶¶ 8, 9.

On March 10, 2020, Allstate allegedly issued a letter denying coverage for Mr. Florimon's claim. *Id.* ¶ 11. Since then, Allstate allegedly has refused to pay for any repairs to Mr. Florimon's home, as allegedly required under the insurance policy. *Id.* ¶ 10. Mr. Florimon, as a result, allegedly has suffered economic damages including the cost of repairs, loss of use of the

---

[1] In the proposed Amended Complaint, Mr. Florimon has alleged that the damage occurred "[o]n or about November 1[,] 2019[.]" Am. Compl. ¶ 5.

2

home, and additional loss of personal funds to conduct an investigation into Defendant's alleged conduct. *Id.* ¶ 14.

### B. Procedural Background

On November 1, 2021, Mr. Florimon filed this lawsuit against Allstate in the Connecticut Superior Court at New London, alleging wrongful denial of homeowners' insurance coverage under state law. *See* Compl.

On December 6, 2021, Allstate removed the case to federal court on the basis of diversity jurisdiction. *See* Notice of Removal, ECF No. 1 (Dec. 6, 2021).

On January 18, 2022, Allstate moved to dismiss the action for failure to state a claim upon which relief can be granted. *See* Mot. to Dismiss.

On February 8, 2022, Mr. Florimon filed a memorandum in opposition to the motion to dismiss. First Opp'n. On the same day, he filed a motion for leave to amend the Complaint. *See* First Mot. to Amend.

On February 22, 2022, Mr. Florimon again objected to the motion to dismiss. *See* Second Opp'n. He also again filed a motion for leave to amend the pleadings, *see* Second Mot. to Amend, along with a proposed Amended Complaint, *see* Am. Compl.

On March 15, 2022, Allstate filed a reply brief in further support of its motion to dismiss. *See* Def. Allstate Insurance Company's Reply Br. in Further Supp. of its Mot. to Dismiss, ECF No. 29 (Mar. 15, 2022) ("Reply"). Several days later, on March 18, 2022, Allstate also filed a memorandum in opposition to Mr. Florimon's motion for leave to amend the Complaint. *See* Def. Allstate Insurance Company's Opp'n to Pl.'s Mot. for Leave to Amend, ECF No. 30 (Mar. 18, 2022).

## II. STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), a court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. A court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 358 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss

for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### III. DISCUSSION

#### A. The Breach of Contract Claim

As a court sitting in diversity jurisdiction, this Court is bound to apply state law. *See Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 152 (2d Cir. 2013); *see also Roberts v. Amica Mut. Ins. Co.*, No. 3:14-CV-1589 (SRU), 2015 WL 7458510, at *3 (D. Conn. Nov. 24, 2015) ("Because this is a diversity suit based on a state law contract action, the court must apply Connecticut substantive law."). Under Connecticut law, the terms of an insurance policy are "construed according to the general rules of contract construction." *Liberty Mutual Insurance Co. v. Lone Star Industries, Inc.*, 290 Conn. 767, 795 (2009) (internal quotations and citations omitted).

Connecticut law provides that "a contractual condition in an insurance policy requiring an action to be brought within a particular time period is . . . valid and binding upon the parties." *Roberts*, 2015 WL 7458510, at *3 (citing *PHL Variable Ins. Co. v. Charter Oak Trust*, No.

HHDCV106012621S, 2012 WL 2044416, at *4 (Conn. Super. Ct. May 4, 2012)). Though contractual suit limitation provisions are enforceable, they "do[] not operate as a statute of limitations." *Monteiro v. Am. Home Assurance Co.*, 177 Conn. 281, 283 (1979). As a result, such limitations provisions are governed "by Connecticut contract law, not statutory law." *Roberts*, 2015 WL 7458510, at *3 (internal citations omitted).

The Allstate Policy,[2] as relevant to this dispute, includes the following contractual limitation provision:

> Suits Against Us
> No suit or action may be brought against us unless there has been full compliance with all policy terms. Any suit or action must be brought within twenty-four months after the inception of loss or damage.

Ex. A to Mot. to Dismiss, ECF No. 13-2 (Jan. 18, 2022).

In reliance upon this limitations provision, Mr. Florimon argues that the suit was timely where, according to the proposed Amended Complaint, it was filed "on or about" November 1, 2021, which was exactly twenty-four months after the date of the alleged date of loss in the Amended Complaint. Second Opp'n at 2–3. Mr. Florimon does not, however, dispute that service of the Complaint occurred, at the earliest, on November 5, 2021.[3] *See id.* at 3. Rather, in

---

[2] The Court notes that it may consider the Insurance Policy in conducting its analysis at this stage of the proceedings. "[A] district court, in deciding whether to dismiss a complaint under Rule 12(b)(6), 'is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference.'" *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) (quoting *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)) (summary order). The Second Circuit also, however, provides an exception allowing a court to consider "a document upon which the complaint solely relies and which is integral to the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (internal alterations, citations, and quotation marks omitted). A written contract is, of course, integral to a claim that a written contract was breached, and, accordingly, the Court may properly consider the Insurance Policy here. *See, e.g.*, *Moura v. Harleysville Preferred Ins. Co.*, No. 3:18-CV-422 (VAB), 2019 WL 5298242, at *5 (D. Conn. Oct. 18, 2019).

[3] Mr. Florimon does include an e-mail exchange between parties' counsel on November 1, 2022 that included a copy of the summons and complaint; this e-mail exchange however, regards a "potential suit." *See* Ex. C to Obj. to Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 23-2 (Feb. 22, 2022). Mr. Florimon does not contend, nor does the Court

Mr. Florimon's view, the date of filing satisfies the limitations provision in the Allstate Policy, despite later service of process by the marshal on or after November 5, 2021, under the liberal savings provisions of Connecticut General Statutes § 52-593a.[4] *Id.* at 2–3.

In response, Allstate argues that the action is untimely because Connecticut General Statutes § 52-593a does not apply to the contract interpretation issue presented here. *See* Reply at 2–4. In support of this proposition, Allstate cites to both federal and state authority which excludes analysis under Connecticut General Statutes § 52-593a in determining whether a limitations period in a contract has run. *Id.* at 3 (citing, *inter alia*, *Soares v. United of Omaha Life Ins. Co.*, 157 F. Supp. 3d 164, 169 (D. Conn. 2016); *Perez v. State Farm Fire & Cas. Co.*, No. DBD-CV136012334S, 2015 WL 1588382, at *4 (Conn. Super. Ct. Mar. 13, 2015)). According to Allstate, this authority, in combination with Mr. Florimon's lack of dispute regarding the date of service, supports its position that Mr. Florimon's lawsuit is untimely. *Id.*

The Court agrees.

"Under Connecticut state law, an action is not commenced until the defendant is properly served." *See Roberts*, 2015 WL 7458510, at *5; *see also Cocco v. Preferred Mut. Ins. Co.*, 637 F. Supp. 94, 95 (D. Conn. 1986) (dismissing suit as untimely where "plaintiff filed suit within one year from the date of the loss" but "failed to serve the defendants within that time" because "under Connecticut case law a suit is deemed commenced at the time of service" (citing *Consol. Motor Lines, Inc. v. M & M Transp. Co.*, 128 Conn. 107, 109 (1941)). Here, Mr. Florimon has

---

otherwise find, that service through this method is proper under Connecticut law or that Allstate waived the requirement of service.

[4] Connecticut General Statutes § 52-593a provides that: "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of the delivery." Conn. Gen. Stat. Ann. § 52-593a.

alleged that the damage occurred, alternatively, "on or about" October 31 or November 1, 2019. *Compare* Am. Compl. ¶ 5 (alleging damage "[o]n or about November 1st 2019"), *with* Compl. ¶ 5 (alleging damage "[o]n or about October 31, 2019"). He does not, however, argue that the alleged damage occurred later than November 1, 2019.[5]

Rather, Mr. Florimon relies upon the liberal savings provisions of Connecticut General Statutes § 52-593a to defend the timeliness of his suit; this argument, however, is unavailing. It is well established under Connecticut law that "periods of limitation that . . . parties create by contract are not susceptible to statutes and doctrines that toll the relevant period of limitation that arises by statute.'" *Air Brake Sys., Inc. v. TUV Rheinland of N. Am., Inc.*, 699 F. Supp. 2d 462, 474 (D. Conn. 2010) (emphasis omitted); *see also ARMOUR Cap. Mgmt. LP v. SS&C Techs., Inc.*, No. 3:17-CV-00790 (JAM), 2018 WL 1368908, at *4 (D. Conn. Mar. 16, 2018) (rejecting tolling defense to dismissal for failure to comply with contractual limitations provision where "multiple courts have held that 'periods of limitation that the parties create by *contract* are not susceptible to statutes and doctrines that toll the relevant period of limitation that arises by *statute*.'" (quoting *Air Brake*, 699 F. Supp. 2d at 474)). The liberal savings provisions of Connecticut General Statutes § 52-593a therefore are inapplicable to the limitations provision in this insurance contract dispute. *See Soares v. United of Omaha Life Ins. Co.*, 157 F. Supp. 3d 164, 169 n.2 (D. Conn. 2016) ("Connecticut courts have concluded . . . that Conn. Gen. Stat. § 52-593a 'applies only to limitations provided by law [and] does not purport to apply to

---

[5] The Court further notes that Mr. Florimon does not argue, nor does the Court find any reason to conclude, that due to the nature of the damage, the date that the damage occurred requires a fact-intensive inquiry, as in, for example, concrete foundation collapse cases previously before this Court. *See, e.g., Halloran v. Harleysville Preferred Ins. Co.*, No. 3:16-CV-00133 (VAB), 2018 WL 780214, at *7 (D. Conn. Feb. 8, 2018) (denying motion to dismiss based on determination of when a "collapse" of concrete foundation occurred given the "fact-intensive" nature of when the limitations period starts to run); *see also Oliveira v. Safeco Ins. Co. of Am.*, No. 3:18-CV-338 (VAB), 2019 WL 4109461, at *5 (D. Conn. Aug. 29, 2019) (denying motion to dismiss on limitations grounds in concrete foundation collapse case where the "contract contemplate[d] property damage coverage for repeated or continuous exposure" (internal quotation marks omitted)).

limitations provided by contract.'" (quoting *Sacks Realty Co. v. Newark Ins. Co.*, 34 Conn. Supp. 564, 566 (Conn. Super. Ct. 1976)); *see also Perez*, 2015 WL 1588382, at *3 (collecting cases).[6]

In the absence of any allegation that the damage occurred within two years of the date of service, and without any apparent reason for the delay, Mr. Florimon commenced this lawsuit after the contractual limitations period and, as a result, the breach of contract claim is time-barred. *See ARMOUR Cap. Mgmt. LP*, 2018 WL 1368908, at *4 (granting motion to dismiss where, according to the allegations in the complaint, the "lawsuit falls well outside of the one-year timeframe allowed under [the] time limit provision" of the parties' agreement); *D.L.M. Mech., Inc. v. Konover Const. Corp.*, No. 3:06-CV-1748 (WWE), 2007 WL 1521061, at *2 (D. Conn. May 22, 2007) (granting motion to dismiss where the "plaintiff had sufficient time to institute a timely action," and, as a result, "the contractual limitations provision bars this action"); *see also Roberts*, 2015 WL 7458510, at *4 (noting that, in a diversity action, "failure to comply with the state law requirements for commencing an action rendered [the] plaintiff's claims untimely in federal court just as they would have been untimely if they had been brought in state court").

Accordingly, the motion to dismiss the breach of contract claim will be granted.

### B. The Implied Covenant of Good Faith and Fair Dealing Claim

In Connecticut, the majority of contracts carry "an implied covenant of good faith and fair dealing," which requires both parties to refrain from doing "anything that will injure the right of the other to receive the benefits of the agreement." *Hudson United Bank v. Cinnamon Ridge Corp.*, 81 Conn. App. 557, 576 (Conn. App. 2004); *see also Magnan v. Anaconda Indus., Inc.*,

---

[6] At oral argument, counsel for Mr. Florimon cited to *Doe v. Town of West Hartford*, 328 Conn. 172 (2018). That case, however, concerns an application of Connecticut General Statutes § 52-593a to a statutory period of limitation but does not address whether section 52-593a applies to a contractually created period of limitation. *Id.* at 175–76.

9

193 Conn. 558, 566 (1984) (noting that the Restatement (Second) of Contracts recognizes this covenant in every contract "without limitation"). "The covenant . . . presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term." *De La Concha of Hartford, Inc. v. Aetna Life Ins. Co.*, 269 Conn. 424, 433 (2004). To fulfill its duty, a party may not "do anything that will injure the right of the other to receive the benefits of the agreement." *Id.* at 432 (internal quotation marks omitted) (quoting *Gaudio v. Griffin Health Servs. Corp.*, 249 Conn. 523, 564 (1999)).

Under Connecticut law, a party asserting a breach of the covenant of good faith and fair dealing must prove three elements:

> [F]irst, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing acts by which it injured the plaintiff's right to receive benefits he reasonably expected to receive under the contract, the defendant was acting in bad faith.

*Bagley v. Yale Univ.*, 42 F. Supp. 3d 332, 359–60 (quoting *Franco v. Yale Univ.*, 238 F. Supp. 2d 449, 455 (D. Conn. 2002)). Bad faith implies "both 'actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation . . . prompted . . . by some interested or sinister motive.'" *Habetz v. Condon*, 224 Conn. 231, 237 (1992) (internal citation omitted).

Allstate argues, first, that this Court should dismiss Mr. Florimon's claim of breach of the implied covenant of good faith and fair dealing where, like the breach of contract claim, it is barred under the two-year contractual limitation provision in the Allstate Policy. Mot. to Dismiss at 10–11. In the alternative, Allstate argues that this count should be dismissed based upon the

10

dismissal of the underlying breach of contract claim, and, further, that Mr. Florimon has failed to state a claim upon which relief can be granted. *Id.* at 11–12.

In response, Mr. Florimon disputes that the claim is time-barred in light of Connecticut General Statute § 52-593a. Second Opp'n at 4. In addition, Mr. Florimon argues, based upon the Connecticut Supreme Court's decision in *Capstone Building Corporation v. American Motorists Insurance Company*, 308 Conn. 760 (2013), that an independent cause of action exists, separate and apart from the breach of contract claim. Second Opp'n at 4–6. He further argues that his claim should not be dismissed where, at this stage of the litigation, he has been unable to receive expert reports from Allstate regarding when they decided to deny the insurance claim at issue. *Id.*

The Court disagrees.

As with the breach of contract claim, the claim of breach of the covenant of good faith and fair dealing is time-barred under the contractual limitations provision of the Allstate Policy. *See supra* § III.A.; *see also ARMOUR Cap. Mgmt. LP*, 2018 WL 1368908, at *8 (agreeing that to the extent "post-contractual misrepresentations 'arise out of' the breach or claimed breach [of contract], . . . any claim premised on these misrepresentations would be subject to the time limit imposed by the contract").

Accordingly, Allstate's motion to dismiss the breach of the covenant of good faith and fair dealing claim will be granted.

### C.  The CUTPA Claim

A plaintiff may bring a private cause of action under the Connecticut Unfair Trade Practices Act ("CUTPA") to enforce alleged violations of the Connecticut Unfair Insurance Practices Act ("CUIPA"). *Kim v. State Farm Fire & Cas. Co.*, No. 3:15-CV-879 (VLB), 2015 WL 6675532, at *5 (D. Conn. Oct. 30, 2015) (citing *Mead v. Burns*, 199 Conn. 651, 663 (1986)).

"CUIPA identifies and prohibits a number of 'unfair methods of competition and unfair and deceptive acts or practices in the business of insurance.'" *Id.* at *5 (quoting Conn. Gen. Stat. § 38a-316.) "Among these are '[u]nfair claim settlement practices' such as 'not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.'" *Id.* (quoting Conn. Gen. Stat. § 38a-316(6)(F)). To prevail on a CUIPA claim, a plaintiff must show that "the unfair settlement practice was committed or performed with such frequency as to indicate a general business practice." *McCulloch v. Hartford Life & Accident Ins. Co.*, 363 F. Supp. 2d 169, 182 (D. Conn. 2005).

Allstate argues, first, that Mr. Florimon's claim under CUTPA should be dismissed where it alleges only a violation of CUIPA and, therefore, fails to provide a private cause of action. Mot. to Dismiss at 13–14. In the alternative, Allstate argues that the CUTPA count, as with the claim of breach of the implied covenant of good faith and fair dealing, should be dismissed based on the lack of viability of the breach of contract claim. *Id.* at 14–15. Finally, Allstate argues that, even if a private cause of action has been alleged or the breach of contract claim survives, the CUTPA claim should be dismissed for failure to state a claim upon which relief can be granted *Id.* at 15–16.

In response, Mr. Florimon argues that the CUTPA claim is viable where a CUIPA claim has been properly pled. Second Opp'n at 6–8. In the alternative, Mr. Florimon argues that the CUTPA claim should not be dismissed for failure to state a claim upon which relief can be granted, where Allstate allegedly "has withheld relevant reports" relating to their liability. *Id.* at 8.

The Court disagrees.

While there is "no 'magic number' of other instances that a plaintiff must allege to survive a motion to dismiss on an unfair settlement practices claim under CUIPA through CUTPA's enforcement provision," *see Belz v. Peerless Ins. Co.*, 46 F. Supp. 3d 157, 167 (D. Conn. 2014), a plaintiff must allege "more than a single act of insurance misconduct" to state a viable CUTPA/CUIPA claim, *see Karas v. Liberty Ins. Corp.*, 33 F. Supp. 3d 110, 117 (D. Conn. 2014); *see also Lees v. Middlesex Ins. Co.*, 229 Conn. 842, 849 (1994) ("In requiring proof that the insurer has engaged in unfair claim settlement practices with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." (internal quotation marks and citation omitted)). In the original Complaint, only one act of insurance misconduct is alleged with factual specificity: Mr. Florimon's. *See* Compl. ¶¶ 21–22. This allegation is insufficient to state a plausible claim for relief. *See Bacewicz v. NGM Ins. Co.*, No. 3:08-CV-1530 (JCH), 2009 WL 1929098, at *3 (D. Conn. June 30, 2009) (noting that "improper handling of [the plaintiff's] own, single insurance claim, . . . is insufficient to establish a course of conduct constituting a general business practice" under CUIPA (internal quotation marks and citation omitted)); *see also Mead*, 199 Conn. 651, 659 (holding that "claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct").

Accordingly, the motion to dismiss the CUTPA claim will be granted.

### D. Leave to Amend

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive

>pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"). "[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 ("Therefore, because the proposed amendments would have no impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its discretion in denying [the plaintiff] leave to amend." (citing *Ellis*, 336 F.3d at 127)).

Here, given the Court's analysis of the relevant limitations period, any amendment would be futile, except as to possibly the CUTPA claim. *See Hybrid Athletics, LLC v. Hylete, LLC*, No. 3:17-CV-1767 (VAB), 2018 WL 4323816, at *4 (D. Conn. Sept. 10, 2018) (stating that a court will "deny a motion to amend if it is clear on the face of the pleadings that the claims would

be barred by the statute of limitations, and if the issue would not need to be more fully briefed"); *see also Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) ("One good reason to deny leave to amend is when such leave would be futile."). As explained above, there is no basis upon which the Court can conclude that the alleged damage occurred as late as November 5, 2022, including based upon the allegations in the proposed Amended Complaint.

As to the CUTPA claim, the proposed Amended Complaint alleges, in a conclusory fashion, that Allstate has engaged in unfair practices not only with Plaintiff but also with "other insureds and policy holders of the Defendant." Am. Compl. ¶ 24. Where not a single other insurance policy holder is alleged with specificity, however, these claims are insufficient to plausibly allege a "general business practice," as required to survive a motion to dismiss. *See Martin v. Am. Equity Ins. Co.*, 185 F. Supp. 2d 162, 168 (D. Conn. 2002) (dismissing CUTPA/CUIPA claim where the plaintiff alleged that the "denial of coverage . . . was part of a general business practice . . . in the most conclusory fashion, without any factual allegations to support this claim"); *see also Travelers Prop. & Cas. Ins. Co. v. Troyer*, No. CV 98-0580328, 2000 WL 350280, at *1 (Conn. Super. Ct. Mar. 21, 2000) (noting that a "number of [Connecticut] Superior Court decisions have held . . . allegations of a general business practice" are conclusory where "no attempt has been made to plead a factual basis establishing any other specific instances demonstrating frequency indicative of a general business practice" (internal quotation marks omitted)).

Mr. Florimon's argument that he should not be required to furnish this information until after discovery is unavailing. Under the *Iqbal/Twombly* standard, at least plausible allegations must be provided at the pleadings stage, including as to the requirement of a "general business practice" for a CUTPA/CUIPA claim. *See Kim*, 2015 WL 6675532, at *5 (rejecting argument

that "the issue of the frequency with which the defendants engaged in the insurance practices complained of is a more appropriate area for discovery than pleading" and requiring, under the *Iqbal/Twombly* standard, that the plaintiff "plead enough facts to permit for the reasonable inference that the unfair insurance practice occurred with enough frequency for it to be deemed a general business practice" (internal citation and quotation marks omitted)); *see also Iqbal*, 556 U.S. at 678 (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss); *Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)).

Accordingly, Mr. Florimon's motions for leave to amend will be denied. To the extent that Mr. Florimon can plead a viable CUTPA claim, despite the deficiencies noted here, this denial is without prejudice to seeking leave to file another amended pleading.

### IV.   CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED**. The motion for leave to amend is **DENIED without prejudice to renewal**.

To the extent that Mr. Florimon can amend the Complaint to state a viable CUTPA claim, despite the deficiencies noted above, Mr. Florimon may move for leave to file an amended pleading by **September 9, 2022**.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of July 2022.

/s/ Victor A. Bolden  
Victor A. Bolden  
United States District Judge
